THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VICTOR VEGA and ELISEO GONZALES, Appellants.

SHIENTAG, J. (dissenting). I dissent and vote to reverse the conviction and for a new trial. A judge in a criminal case is not a mere automaton; nor is his function limited to maintaining proper decorum, to ruling on the admissibility of evidence and on motions and to charging the jury on the law applicable to the facts in the case. A judge has the right, it is often his duty, to participate in the examination of witnesses and defendants for the purpose, among others, of clarifying the evidence, of clearing up any possible misunderstanding concerning the questions asked or the testimony given and even of eliciting new matter which either side may have overlooked or ignored but which the judge believes should be put before the jury in order to enable it to reach a fair and a just verdict. But this right or duty of a judge must be reasonably, fairly and impartially exercised or discharged and not by way of indicating bias or hostility. It may be difficult to draw a precise line between proper and improper questioning and comment by the trial judge; but in this case, in my opinion, such questioning and comments were on the wrong side of any line that could reasonably be drawn.

All through the case, we find harsh, hostile comments and admonitions to counsel, and questions that were clearly indicative of bias and prejudice. One example, possibly the most glaring, will suffice. These defendants were charged with the crimes of robbery in the first degree, assault, criminally carrying concealed a loaded pistol and possession of a pistol from which the identification marks had been removed. The defendants were acquitted on the assault charge but found guilty on all the others. Each of the defendants was sentenced on the count of robbery in the first degree as a second felony offender to serve a term of not less than fifteen years nor more than fifteen years and three months in State prison. Sentence was suspended on each of the two remaining counts.

In the course of the trial it developed that when the defendants were arrested, some six weeks after the crime charged, they had firearms in their possession, and there was found in the possession of one of them some electrical wire and adhesive tape; that defendant also claimed that he had in his possession at the time some other electrical equipment, such as fuses, but that was disputed by the prosecution. The defendant testified that he used this wiring and tape in connection with his duties as the superintendent of his apartment house. The following questioning occurred:

By the Court:

Q. You found them in Gonzales' house? (the co-defendant) A. Yes.

Q. You took them out of his house? A. Yes.

Q. What for?

Mr. Kaufman: I object to that, if Your Honor please.

The Court: Overruled.

Mr. Kaufman: Exception.

A. Say I need that.

Q. You put them in your pocket? A. I put them in a sack, and together—
Q. In a sack? A. In a paper sack, paper bag.
Q. Where did you have them when the police arrested you? A. I had them in my hand.
Q. In the taxi? A. Yes.
Q. Oh you had them in your hand? A. Yes, sir.
Q. It wasn't for *another hold-up*, was it? A. No. [Emphasis supplied.]
Mr. Kaufman: I object to that and take exception.
The Court: Overruled.
Mr. Kaufman: I move for a mistrial.
The Court: Denied.
Mr. Kaufman: Exception.

The use of the words "another hold-up" was highly prejudicial and indicated that the court believed these defendants were guilty of the holdup charged in the pending case. In any event, even assuming that the language used was capable of some other construction, the exception promptly taken and the motion for a mistrial immediately made dictated that, at the very least, the court should remove possible misconception and caution the jury that they were not to be influenced by the question or by the form in which it was put. At no time during the trial did the court do this. The brief, general language in the charge some days later was not calculated to cure this prejudicial error.

The community as well as those charged with crime are vitally concerned with the outcome of criminal prosecution but an overriding consideration is the insistence upon a fair and impartial trial. Where that has been denied a defendant, it will not do to say that despite such denial his guilt was clearly established. In *People* v. *Mleczko* (298 N. Y. 153, 163) Fuld, J., speaking for a unanimous Court of Appeals said: "Vicious though the crime was, convincing though the evidence of guilt may seem to be, we could affirm only if we were to announce a doctrine that the fundamentals of a fair trial need not be respected if there is proof in the record to persuade us of defendant's guilt. We are not prepared to announce such a doctrine."

The judgment of conviction should be reversed and a new trial ordered.

Glennon, J. P., Dore, Cohn and Callahan, JJ., concur in decision; Shientag, J., dissents and votes to reverse and order a new trial, in opinion.

Judgment affirmed under the provisions of section 542 of the Code of Criminal Procedure. No opinion.